UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN ELECTRICAL EMPLOYEES HEALTH AND WELFARE PLAN, ELECTRICAL WORKERS LOCAL UNION 159 RETIREMENT PLAN, MADISON ELECTRICAL WORKERS JOINT APPRENTICESHIP AND TRAINING TRUST FUND, WISCONSIN NECA/IBEW JOINT APPRENTICESHIP AND TRAINING TRUST AGREEMENT, IBEW LOCAL I59 WORKING DUES FUND, and DARREN JOHNSON and CHRIS GULBRANDSON, in their capacities as Fund Trustees, | Case No. _____ |
| Plaintiffs, | |
| v. | |
| DASH ELECTRIC, LLC, | |
| Defendant. | |

## COMPLAINT

In support of their claims against Defendant DASH Electric, LLC ("DASH"), Plaintiffs Wisconsin Electrical Employees Health and Welfare Plan, Electrical Workers Local Union 159 Retirement Plan, Madison Electrical Workers Joint Apprenticeship and Training Trust Fund, Wisconsin NECA/IBEW Joint Apprenticeship and Training Trust Agreement, and IBEW Local 159 Working Dues Fund (hereinafter referred to as "Funds"), and Darren Johnson and Chris Gulbrandson, in their capacities as Fund Trustees, allege the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that this is an action

by an ERISA benefits plan fiduciary to redress Defendant's violations of the terms of the Funds' trust agreements and ERISA Section 515 (29 U.S.C. § 1145).

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)), because the Funds are administered in this district.

## THE PARTIES

3. The Funds are ERISA benefit plans/funds and bring this action on behalf of the Trustees, participants and beneficiaries of the Funds.

4. The Funds maintain offices at 2730 Dairy Drive, Suite 101, Madison, WI 53718.

5. Darren Johnson and Chris Gulbrandson are Trustees of one or more of the Funds and each is a "fiduciary" within the meaning of Section 3(21) of ERISA (29 U.S.C. § 1002(21)) and as such have standing to be Plaintiffs in this action and to seek remedies demanded.

6. Upon information and belief, DASH is a Wisconsin limited liability company with a principal place of business at 933 South Holt Circle, Madison, Wisconsin 53719-3035.

7. DASH is a participating employer in the Funds.

## FACTUAL BACKGROUND

8. DASH is a party to a collective bargaining agreement ("CBA"), identified as the Inside Labor Agreement, between Local Union No. 159 of the International Brotherhood of Electrical Workers (the "IBEW Local No. 159") and the Madison Division, Wisconsin Chapter, N.E.C.A, Inc. (the "CBA"). True and correct copies of the CBA in effect during the timeframe at issue in this case are attached hereto as **Exhibit A**.

9. As a party to the CBA, DASH agreed to participate in the Funds by making appropriate contributions for covered work performed by its employees.

10. DASH also entered into a Letter of Assent (the "Letter of Assent") signed by Dan Leonard as Owner of DASH on September 20, 2024. A true and correct copy of the Letter of Assent is attached hereto as **Exhibit B**.

11. By entering into the Letter of Assent, DASH adopted and assented to all the terms and provisions of the Funds' trust agreements, including all rules and regulations adopted by the Funds' Trustees, to make contributions as required by the CBA, and to report to the Funds all hours of covered work by each its employees.

12. The Funds have adopted a Delinquency Collection Policy and Procedure (the "Procedure") which is attached as **Exhibit C**. The Procedure empowers the Funds under the circumstances of this case to collect, in addition to delinquent contributions, interest, liquidated damages, and costs of collection, including reasonable attorneys' fees.

13. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

14. DASH has violated the Funds' trust agreements and ERISA Section 515. Specifically, DASH has not paid contributions to the Funds owed for the period of January 2025 through May 2025. Over the period of January 2025 to May 2025, DASH failed to pay $48,813.66 in contributions. Interest and liquidated damages also continue to accrue on the amount of outstanding contributions per the Procedure and ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)).

15. The Funds issued notice to DASH requesting payment for the delinquent contributions in a letter sent on July 10, 2025. A true and correct copy of the notice sent to DASH is attached hereto as **Exhibit D**.

## COUNT I:
## VIOLATION OF ERISA SECTION 515

16. The Funds incorporate by reference the preceding allegations.

17. DASH agreed to make contributions to the Fund as required under the terms of the Funds' trust agreements.

18. DASH has not made contributions as required.

19. The Funds have notified DASH of its delinquency and demanded that DASH submit payroll records and appropriate contributions.

20. DASH has ignored the Funds' efforts to obtain the contributions owed.

21. As a result, DASH is liable to the Funds for violation of ERISA Section 515 (29 U.S.C. § 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) as well as appropriate equitable relief, including, if necessary, a compelled audit to determine the sufficiency of DASH's contributions.

## COUNT II:
## BREACH OF TRUST AGREEMENT

22. The Funds incorporate by reference the preceding allegations.

23. DASH agreed to make contributions to the Funds as required under the terms of the Funds' trust agreements.

24. DASH has not made contributions as required.

25. The Funds have notified DASH of its delinquency and demanded that DASH submit payroll records and appropriate contributions.

26. DASH has ignored the Funds' efforts to obtain the contributions owed.

27. Pursuant to the Procedure adopted by the Funds' trustees according to their powers under the trust agreements, the Funds may recover from DASH:

   (a) The amount of the unpaid contributions;

   (b) Liquidated damages as described in the Procedure; and

   (c) Interest on the unpaid contributions as described in the Procedure; and

   (d) All costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

28. DASH also agreed to allow the Fund to audit its payroll records.

29. The Fund is entitled to specific performance in the form of a Court-ordered audit and to damages for any fees incurred in conducting such audit.

WHEREFORE, the Funds demand the following relief:

A. An Order for a Money Judgment in favor of the Funds and Against Defendant in the amount of:

   i. All unpaid contributions, including those which become due during the pendency of this lawsuit;

   ii. All interest and liquidated damages owed on those contributions;

   iii. Any payroll audit costs; and

   iv. The reasonable attorneys' fees and actual costs the Funds incur to collect Defendant's delinquent contributions;

B. An Order that Defendant comply with a payroll audit for the period of January 2025 to present;

C. That the Court retain jurisdiction pending compliance with its orders; and

D. For such other, further or different relief as the Court deems just and proper.

Dated this 25th day of November, 2025.

                                        *s/ Jori P. LaRosa*
                                        Jori P. LaRosa
                                        WI State Bar ID No. 1126882
                                        jlarosa@reinhartlaw.com
                                        Daniel G. Murphy
                                        WI State Bar ID No. 1097740
                                        dmurphy@reinhartlaw.com

                                        Reinhart Boerner Van Deuren s.c.
                                        1000 North Water Street, Suite 1700
                                        Milwaukee, WI 53202
                                        Telephone:  414-298-1000
                                        Facsimile:  414-298-8097

                                        *Attorneys for Plaintiffs*