IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ELECTRICAL EMPLOYEES HEALTH AND WELFARE PLAN, *et al.*,

Plaintiffs,

v.

DASH ELECTRIC, LLC,

Defendant.

OPINION and ORDER

25-cv-976-amb

---

Plaintiffs Wisconsin Electrical Employees Health and Welfare Plan, Electrical Workers Local Union 159 Retirement Plan, Madison Electrical Workers Joint Apprenticeship and Training Trust Fund, Wisconsin NECA/IBEW Joint Apprenticeship and Training Trust Agreement, and IBEW Local 159 Working Dues Fund (the Funds), and Darren Johnson and Chris Gulbrandson, in their capacities as Fund Trustees, filed this suit against defendant DASH Electric, LLC, under the Employee Retirement Income Security Act (ERISA) seeking unpaid contributions defendant was required to make as part of a collective bargaining agreement into which the parties entered, as well as other associated monetary damages and attorneys' fees. Plaintiffs filed for summary judgment, to which defendant did not respond. Accordingly, as discussed in the opinion, plaintiffs' motion is uncontested.

Because there are no genuine disputes of material fact and plaintiffs are entitled to judgment as a matter of law, the court GRANTS plaintiffs' motion for summary judgment, Dkt. 14.

## JURISDICTION

The parties have consented to jurisdiction by a United States Magistrate Judge. Dkt. 10. This Court has jurisdiction over this matter under Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, in that this is an action by an ERISA benefits plan fiduciary to redress defendant's violations of the terms of the Funds' trust agreements and ERISA Section 515, 29 U.S.C. § 1145.

## FACTUAL FINDINGS

Plaintiffs filed this motion on May 28, 2026, making June 25, 2026, defendant's deadline to file a brief in opposition and object to plaintiffs' proposed findings of fact. *See* Dkt. 14 (plaintiffs' motion) & Dkt. 12 at 3 (Preliminary Pretrial Conference Order giving defendant 28 days to serve any response). Defendant did not file a response by the deadline. The court gave defendant until July 13, 2026, to file an explanation and warned that, if it did not receive a satisfactory one by then, it would take the motion under advisement as unopposed. Dkt. 19. Defendant did not file anything by that deadline either. As such, the court will accept as true all facts proposed by plaintiffs and will decide this motion based on those facts. *See Bramlett v. Westover*, No. 01-C-193-C, 2002 WL 32356633, at *1 (W.D. Wis. Mar. 13, 2002) (accepting the defendant's proposed findings of fact as true when the plaintiff failed to oppose the motion); Dkt. 12, Preliminary Pretrial Packet at 4 ("The court will find a proposed fact is undisputed unless the responding party properly disputes it and either identifies contradictory evidence in the record or demonstrates that the proponent of the fact does not have admissible evidence to support it.").

Plaintiffs Wisconsin Electrical Employees Health and Welfare Plan, Electrical Workers Local Union 159 Retirement Plan, Madison Electrical Workers Joint Apprenticeship and Training Trust Fund, Wisconsin NECA/IBEW Joint Apprenticeship and Training Trust Agreement, and IBEW Local 159 Working Dues Fund, collectively "the Funds," are ERISA employee benefit plans, and plaintiffs Darren Johnson and Chris Gulbrandson are fiduciary Fund Trustees. Dkt. 1 at 2. Defendant DASH Electrical LLC is a Wisconsin company.

Defendant is a participating employer in the Funds; it is also a party to a collective bargaining agreement (CBA) between Local Union No. 159 of the International Brotherhood of Electrical Workers and the Madison Division, Wisconsin Chapter, National Electrical Contractors Association, Inc. Dkt. 8 at 2. As a party to the CBA, defendant agreed to make monetary contributions as required under the terms of the Funds' trust agreements. *Id.*, ¶¶ 17, 23; *see also* Dkt. 1, ¶¶ 17, 23. Beginning in January 2025, defendant routinely failed to pay its required monthly contributions, and it did not respond to plaintiffs' attempts to obtain the contributions defendant owed. Dkt. 8, ¶¶ 18, 26; *see also* Dkt. 1, ¶¶ 18, 26.

The Funds maintain a Delinquency Collection Procedure (the Policy) under which delinquent employers are liable for:

> (1) the amount of unpaid contributions; (2) liquidated damages at the rate of $200 if the contribution or contribution report is received after the Due Date plus 1% multiplied by the total contribution due for each day thereafter to a maximum of 20% or, if greater, the costs the Fund incurs pursuing the delinquency and notifying affected parties; (3) interest on the unpaid contributions at the rate of 1% for the first month, or a part thereof, that the remittance is late and, if unpaid amounts continue to be overdue, additional interest at the rate of 1% for each month or a part thereof, on all contributions due including any prior interest which remains unpaid; and (4) all costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

Dkt. 16 at 4.

In November 2025, plaintiffs sued defendant for violating ERISA § 515 by breaching the terms of the trust agreement under which defendant agreed to make contributions to the Funds. Dkt. 1. In January 2026, the Funds' auditor audited defendant for the period of September 1, 2024, through September 30, 2025, and found defendant failed to pay required contributions to the Funds in January, March, April, May, June, July, and August 2025. *Id.* at 3. The audit also showed that defendant overpaid $2,193.94 for November 2024. *Id.* The audit further calculated the amount of interest, liquidated damages, and costs of collection associated with the missing contributions that defendant owed under the Funds' Delinquency Collection Procedure. *Id.* In total, accounting for the November overpayment, the Funds' auditor found defendant liable for $82,621.99, consisting of $58,379.43 in unpaid contributions, $15,499.13 in liquidated damages, $8,588.43 in interest (calculated as of May 22, 2026), $125.00 in administrative fees, and $30.00 in returned payment fees. *Id.* at 4–5.

Plaintiffs' counsel represented that plaintiffs incurred $442.10 in costs and $17,751.50 in attorneys' fees, yielding an average rate of $420.65 per hour, in bringing this case, and that those fees were reasonable and necessary. Dkt. 17 at 2–3.

Plaintiffs now move for summary judgment on their two claims and seek the $82,621.99 in unpaid contributions and related costs, $17,751.50 in attorneys' fees, and $442.10 in costs of the action. Dkt. 15 at 8.

## LEGAL STARNDARDS

Summary judgment is appropriate when there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining

whether there are genuine factual disputes, the court examines the record in the light most favorable to the party opposing judgment and construes all reasonable inferences from the evidence in their favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[A] factual dispute is 'genuine' only if a reasonable jury could find for either party." *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). Mere conclusory allegations do not constitute evidence. *See Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). Disputed facts that are not outcome-determinative are not material and will not preclude summary judgment. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir.1997).

ANALYSIS

Plaintiffs' proposed findings of fact are entirely undisputed and, as explained below, these undisputed facts entitle plaintiffs to judgement as a matter of law. Accordingly, summary judgment in plaintiffs' favor is appropriate.

Section 502 of ERISA authorizes fund fiduciaries to bring civil actions to "enjoin any act or practice which violates . . . the terms of the plan, or . . . redress such violations or [] to enforce any provisions of . . . the terms of the plan." 29 U.S.C. § 1132(a)(3). Section 515 of ERISA buttresses that power by "require[ing] employers to contribute to funds according to the terms and conditions of the [collective bargaining agreement] that generated the obligation." *Cent. States, Se. & Sw. Areas Pension Fund v. Univar Sols. USA Inc.*, 148 F.4th 426, 430 (7th Cir. 2025). Thus, "if an employer fails to contribute as required by the [collective bargaining agreement], funds can sue for statutory and contractual violations using these

provisions," as the Funds did here. *See* Dkt. 1 at 4 (claiming both violations of ERISA § 515 and breach of the trust agreement).

Plaintiffs move for summary judgment on their claim that defendant violated ERISA § 515 and for their claim that defendant violated its contractual obligations set forth in the collective bargaining agreement (CBA). The court addresses each in turn, finding plaintiffs entitled to summary judgment on both claims, then discusses damages in the final section.

**A. Defendant violated ERISA § 515**

ERISA § 515 provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. The undisputed facts demonstrate that defendant was obligated to make contributions to the Funds under the terms of the CBA. *See* Dkts. 16-1 (the CBA) & 16-2 (letter of assent to the agreement signed by defendant). The undisputed facts also show that defendant failed to comply with its contractual duty to make those contributions in the months noted above. Dkt. 8, ¶¶ 18 & 24 (admitting it "has not made contributions as required"). Because the undisputed evidence shows that defendant violated ERISA § 515 by failing to abide by its contractual obligation to make contributions pursuant to the CBA, plaintiffs are entitled to judgment as a matter of law. Accordingly, the court GRANTS summary judgment in favor of plaintiffs on their first claim, Dkt. 1 at 3.

**B. Defendant violated its contractual obligations under the CBA**

Plaintiffs also move for summary judgment on their second claim that defendant breeched the terms of the Funds' trust agreements, which defendant adopted through the CBA

and letter of assent. Dkt. 15 at 6. As noted above, defendant admitted that it agreed to be bound by the terms of the Funds' trust agreements by its letter of assent to the CBA. Dkts. 1-1 & 1-2. The terms required defendant to make contributions for covered work, which they did not make. Dkt. 8 at 3–4. Defendant's failure to make the required contributions constituted a breach of the trust agreement for which plaintiffs are entitled to judgment as a matter of law.

Accordingly, the court GRANTS summary judgment in favor of plaintiffs on their second claim, Dkt. 1 at 4.

**C. Damages**

Plaintiffs seek damages under the Funds' Delinquency Collection Policy and Procedure (the Policy), which "governs the remedies available in an action to collect delinquent contributions." The undisputed results of the audit show that, under the Policy, defendant owes the Funds $82,621.99, consisting of $58,379.43 in unpaid contributions, $15,499.13 in liquidated damages, $8,588.43 in interest, $125.00 in administrative fees, and $30.00 in returned payment fees. Dkt. 16 at 5. Further, under the Policy, defendant is liable for plaintiffs' reasonable attorney's fees and legal costs, which plaintiffs' counsel represents totals $17,751.50 in attorneys' fees and $442.10 in costs. Dkt. 17 at 2. The fees represent 42.20 hours of attorney and paralegal time, yielding an average rate of $420.65 per hour, which is reasonable. *Id.* Together, defendant is seeking a judgment against defendant totaling $100,815.59. These amounts are supported by record evidence, calculated in accordance with the governing agreements and the Policy, and are undisputed.

# ORDER

IT IS ORDERED that:

1. Plaintiffs' uncontested motion for summary judgment, Dkt. 14, is GRANTED in accordance with this opinion.

2. The clerk of court is directed to enter a money judgment for plaintiffs in the amount of $100,815.59 and close this case.

Entered September 3, 2026.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge